In re Will of E. J. FINCH.

(Filed 14 April, 1920.)

**Appeal and Error—Remarks of Court—Wills—Undue Influence—Mental Capacity—Harmless Error.**

Where upon the trial of a caveat to a will the issues of mental capacity of the testator and undue influence have been submitted to the jury, and of the latter, there has been neither evidence or controversy, and the jury held there was not undue influence, the remarks of the trial judge of the high character of the counsel who drew the will, though they may have been prejudicial to the caveators on the issue of undue influence, are immaterial and not reversible error.

Issue of *devisavit vel non* as to the due execution of the will of E. J. Finch, deceased, tried before *Bryson, J.*, and a jury, at November Term, 1919, of Davidson.

The jury rendered the following verdict:

"1. Was the paper-writing propounded dated 23 April, 1918, executed by the testatrix, E. J. Finch, according to the formalities of law required to make a valid last will and testament? Answer: 'Yes.'

"2. At the time of the signing and execution of said paper-writing did the said E. J. Finch have sufficient mental capacity to make and execute a valid last will and testament? Answer: 'Yes.'

"3. Was the execution of the said paper-writing propounded in this case procured by undue influence, as alleged? Answer: 'No.'

"4. Is the paper-writing bearing date 23 April, 1918, propounded 2 July, 1918, and each and every part thereof the last will and testament of E. J. Finch? Answer: 'Yes.'"

Judgment on the verdict for the propounders, and the caveator excepted and appealed.

*A. E. Holton, Walser & Walser, and J. R. McCrary for appellants.*

*Brooks, Sapp & Kelly, Phillips & Bower, and Roper & Roper for propounders, appellees.*

Per Curiam. Under a full and comprehensive charge the jury have rendered their verdict in favor of the propounders, finding on separate issues that the testatrix had the requisite mental capacity, and that there had been no undue influence exerted, and on careful examination we are of opinion that the exceptions of appellant present no substantial objection to the validity of the trial and judgment.

The remarks of his Honor in approval of the high character of counsel who drew the will, however just in themselves, might have become the source of prejudicial error on a debateable question, but in the way

they are presented in the record these comments could only have had significance on the issue as to undue influence, and there are no facts in evidence which show or tend to show the exertion or effect of such influence by the propounders or any other.

This exception, therefore, is immaterial, and must be disallowed.

A perusal of the record will show that the verdict of the jury is fully justified on all the issues. That no reversible error has been made to appear, and the judgment upholding the will should be affirmed.

No error.